[Cite as *Parks v. Burns* , 2012-Ohio-3229.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ROBERT PARKS | : | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-00023 |
| MARK BURNS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

-vs-

ACP OHIO, INC.

     Third-Party Defendant
     Appellee


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2011-CV-02549

JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      July 16, 2012

APPEARANCES:

For Plaintiff-Appellee

ROBERT MCNAMARA
MCNAMARA, DEMCYZK CO. LP.A.
12370 Cleveland Avenue N.W.
Box 867
Uniontown, OH 44685

SIDNEY N. FREEMAN
12370 Cleveland Ave. N.W.
Box 867
Uniontown, OH 44685

For Defendant-Appellant

DAVID K. SCHAFFNER
Schaffner Law Offices, Co., L.P.A.
132 Fair Avenue N.W.
New Philadelphia, OH 44663

*Gwin, J.*

{¶1} Defendant Mark Burns appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion to stay or dismiss pending arbitration. Appellees are Plaintiff Robert Parks and Third Party Defendant ACP, Inc. dba Ohio Pools. Burns assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S MOTION TO STAY OR DISMISS PENDING ARBITRATION IN THE MATTER."

{¶3} The record indicates appellee Robert Parks filed a complaint in Canton Municipal Court against appellant Mark Burns for $1,260.00 due on account. Burns filed an answer and a third-party complaint against appellee ACP Ohio, Inc. dba Ohio Pools, hereinafter "Ohio Pools". Because the damages claimed in the third-party complaint exceeded the monetary jurisdiction of the Municipal Court, the court certified the matter to the Court of Common Pleas.

{¶4} The Common Pleas Court entered an order setting the first pre-trial for September 8, 2011, a final pre-trial for January 5, 2012, and the trial date for January 30, 2012 on a stand-by basis. The court directed the parties to file any briefs, depositions, or proposed jury instructions not later than one week before trial, and to complete all discovery no later than one week before the final pre-trial. The court ordered Parks to identify his expert no later than the first pre-trial, and, Burns to identify his within 30 days thereafter. The court also ordered the parties to make their witnesses available for deposition no later than one week after the close of discovery.

{¶5} On September 8, 2011, the court referred the matter to mediation. At the mediation, the parties agreed to continue the mediation so a third-party could perform an inspection of the pool. On December 29, 2011, Parks filed a trial brief with the court. On January 9, 2012, the trial court again referred the matter to mediation, scheduled for January 23, 2012. On January 19, 2012, Parks identified his expert witness and filed his witness list. On January 27, 2012, Burns filed the motion for arbitration which is the subject of this appeal.

{¶6} In *Church v. Fleishour Homes,* 172 Ohio App. 3d 205, 2007-Ohio-1806, 874 N.E. 2d 795, this court found the question of whether a party has waived the right to arbitration is a matter directed to the sound discretion of the trial court. *Church* ¶ 79. We found the trial court must determine, based upon the totality of the circumstances, whether the party seeking arbitration has acted inconsistently with his or her right to arbitrate. *Id.*, ¶ 80, citation deleted. We set out four factors which the trial court should consider in order to determine whether a party's actions were inconsistent with arbitration:

{¶7} (1) Any delay in the requesting party's demand to arbitrate by means of a motion to stay judicial proceedings and for an order compelling arbitration;

{¶8} (2) The extent of the requesting party's participation in the litigation prior to the motion to stay the judicial proceeding, including discovery and dispositive motions;

{¶9} (3) Whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of proceedings; and;

{¶10} (4) Whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts. *Id.,* citations deleted.

{¶11} The court cited *Church,* and found Burns knew of his right to arbitrate because the contract contained an express provision for arbitration. The court found the complaint was filed on July 19, 2011, but Burns delayed asserting his right to arbitration until January 27, 2012. The court found Burns had actively participated in the litigation by attending pre-trials, participating in two mediations, and engaging in discovery.

{¶12} The court found Burns invoked the jurisdiction of the court by filing a third party complaint without asking for a stay pending arbitration, and noted it was the third-party complaint that resulted in the matter being transferred from the municipal court. Finally, the court found the non-moving party had been prejudiced by the delay in requesting a stay pending arbitration because of the timing of the request. The appellees were prepared for trial, had filed a trial brief, and had engaged an expert witness for trial.

{¶13} Burns argues appellees did not strictly comply with the trial court's orders regarding discovery, but he did not raise this issue in his motion or assert to the trial court that he was unable to proceed with the trial because of any action or tardiness of appellee.

{¶14} Our review of the record leads us to conclude the trial court did not abuse its discretion in finding appellant waived his right to arbitration.

{¶15} The assignment of error is overruled.

**{¶16}**  For the foregoing reasons, the judgment of the Court of Common Pleas, of

Stark County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. JULIE A. EDWARDS

WSG:clw 0613

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ROBERT PARKS                              :
                                          :
                                          :
                                          :
                                          :
                   Plaintiff-Appellee     :
                                          :
                                          :
-vs-                                      :       JUDGMENT ENTRY
                                          :
MARK BURNS                                :
                                          :
                                          :
                   Defendant-Appellant    :       CASE NO. 2012-CA-00023

-vs-

ACP OHIO, INC.

                   Third-Party Defendant
                   Appellee


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, of Stark County, Ohio, is affirmed.  Costs to appellant.


                                           _____
                                           HON. W. SCOTT GWIN


                                           _____
                                           HON. PATRICIA A. DELANEY


                                           _____
                                           HON. JULIE A. EDWARDS